

FILED

MAY 23 2007

USDC WP SDNY

DAVID T. MALOOF (DM 3350)
THOMAS M. EAGAN (TE 1713)
MALOOF BROWNE & EAGAN LLC
411 Theodore Fremd Avenue - Suite 190
Rye, New York  10580
(914) 921-1200
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**07 CIV. 4053**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

SOMPO JAPAN INSURANCE COMPANY OF
AMERICA,                                      :

                                              :    **07 Civ.    BATTS**

                  *Plaintiff,*                :

                                              :

     - against -                              :

                                              :

NIERODA TRANSPORT, INC.                       :    **COMPLAINT**
                  *Defendant.*                :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Plaintiff, Sompo Japan Insurance Company of America (hereinafter "Sompo" or

"Plaintiff"), by its attorneys, Maloof Browne & Eagan LLC, for its Complaint, alleges on

information and belief as follows:

        1.      All and singular the following premises are true and constitute claims

arising under an Act of Congress regulating commerce within the meaning of 28 U.S.C. §1337(a)

and pursuant to the Carmack Amendment codified at 49 U.S.C § 14706, and/or otherwise arise

under federal law within the meaning of 28 U.S.C. § 1331, and/or are supplemental claims to

certain of the foregoing claims within the meaning of 28 U.S.C. § 1367.

        2.      At all times material hereto, Plaintiff was and is a corporation incorporated

in and organized and existing under and by virtue of the laws of the State of New York, with its

principal office and place of business located in New York, New York, and was the insurer of the



EXHIBIT B

shipment which is the subject matter of this action.

3.    Defendant Nieroda Transport, Inc.(hereinafter "Nieroda") is a corporation or other business entity incorporated in and organized and existing under and by virtue of the laws of the State of Connecticut with it principal office and place of business located in Windsor, Connecticut, and was and now is engaged in business as a common carrier of merchandise by Motor Vehicle.

4.    Defendant Nieroda Transport does business in and thus can be found in and resides in this District within the meaning of 28 U.S.C. § 1391 (b)(1) and (c).  In addition, within the meaning of the Carmack Amendment, 49 U.S.C. § 14706(d), venue is also proper in this District because Defendant Nieroda is the delivering carrier and does business and operates trucks and routes throughout the United States, including the State of New York and the area comprising the Southern District of New York.  In addition, a substantial part of the events giving rise to these claims occurred in this District.

5.    On or about March 13, 2005, there was shipped by Canon U.S.A. Inc. a shipment which consisted of one Canon copier, model CLC4000 bearing serial number JFZ01831, then being in good order and condition (the "Shipment").  Defendant Nieroda arranged, received and accepted the Shipment at Sayerville, New Jersey.  In consideration of certain agreed freight charges thereupon paid or agreed to be paid, Defendant Nieroda further agreed to transport and carry the said Shipment to Wallingford, Connecticut and deliver same in like good order and condition.  The carriage was described in a certain bill of lading issued by Defendant Nieroda and numbered 22356867-01 dated on or about March 13, 2006.

6. Thereafter the Shipment was delivered but not in like good order and condition as when shipped, accepted, and received by Defendant Nieroda, but on the contrary the shipment was seriously damaged and impaired in value, all in violation of Defendant Nieroda's obligations as a carrier.

7. Plaintiff insured the Shipment and paid certain damages incurred by its assured, due to the Shipment having been damaged. Plaintiff brings this action and Plaintiff is duly entitled to maintain this action.

8. Plaintiff and its assured have performed all conditions on their parts to be performed.

9. By reason of the foregoing, Plaintiff has sustained damages, as nearly as can now be estimated, no part of which has been paid although duly demanded, in a sum estimated to be up to or exceeding U.S. $47,500.00.

## FIRST CAUSE OF ACTION

### BREACH OF CONTRACT AND/OR DUTIES
### UNDER THE CARMACK AMENDMENT

10. Plaintiff incorporates herein by reference the allegations of paragraphs 1-9 above.

11. By reason of the foregoing, the Defendant Nieroda was a carrier of merchandise within the meaning the Carmack Amendment, 49 U.S.C § 14706, and breached its duties as a carrier under that law and under the contract of carriage.

12. By reason of the foregoing, the Defendant Nieroda has caused damage to Plaintiff in an amount, as nearly as can now be estimated, up to or exceeding US $47,500.00.

## SECOND CAUSE OF ACTION

## <u>BREACH OF BAILMENT OBLIGATIONS</u>

13.    Plaintiff incorporates herein by reference the allegations of paragraphs 1-12 above.

14.    The Defendant Nieroda was acting as a bailee of the Shipment at the time it was damaged. The Defendant Nieroda thereby, or through its contractors, agents, servants or sub-bailees, warranted and had a legal duty to safely keep, care for and deliver the said Shipment in the same condition as when entrusted to it and to perform its services as bailee or to ensure that those services were performed with reasonable care and in a non-negligent and workmanlike manner. Defendant breached those bailment obligations and negligently failed to deliver to Plaintiff, or its designees, the Shipment.

15.    By reason of the foregoing, the Defendant has Nieroda caused damage to Plaintiff in an amount, as nearly as can now be estimated, up to or exceeding US $47,500.00.

## THIRD CAUSE OF ACTION

## <u>NEGLIGENCE</u>

16.    Plaintiff incorporates herein by reference the allegations of paragraphs 1-15 above.

17.    The Defendant Nieroda, by its negligence, damaged the Shipment. The Defendant Nieroda therefore negligently failed to deliver the Shipment to Plaintiff's assured, or its designee, in as good condition as when entrusted to it.

18.    By reason of the foregoing, the Defendant Nieroda has caused damage to Plaintiff in an amount, as nearly as can now be estimated, up to or exceeding US $47,500.00.

WHEREOF, Plaintiff prays:

1.      That process in due form of law may issue against the Defendant citing it
to appear and answer all and singular the matters aforesaid;

2.      That judgment may be entered in favor of Plaintiff against Defendant on
each of the Causes of Action for the amount of Plaintiff's damages, together with interest and
costs and the disbursements of this action;

3.      That this Court will grant to Plaintiff such other and further relief as may
be just and proper.

Dated:  New York, New York
        May 23, 2007

                                        MALOOF BROWNE & EAGAN LLC

                                        By:

                                            David T. Maloof (DM 3350)
                                            Thomas M. Eagan (TE 1713)
                                        411 Theodore Fremd Avenue - Suite 190
                                        Rye, New York  10580
                                        (914) 921-1200
                                        *Attorneys for Plaintiff Sompo Japan*
                                        *Insurance Company of America*