DAVID T. MALOOF (DM 3350)
THOMAS M. EAGAN (TE 1713)
MALOOF BROWNE & EAGAN LLC
411 Theodore Fremd Avenue, Suite 190
Rye, New York 10580-1411
(914) 921-1200
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | | |
|---|---|---|
| SOMPO JAPAN INSURANCE COMPANY OF AMERICA, | : | **ECF CASE** |
| | : | |
| *Plaintiff,* | : | **07 Civ. 4053 (DAB)** |
| - against - | : | |
| NIERODA TRANSPORT, INC. | : | **NOTICE OF MOTION FOR DEFAULT JUDGEMENT** |
| *Defendant.* | : | |
| | : | |
| | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

PLEASE TAKE NOTICE THAT, pursuant to Rule 55(b) of the Federal Rules of Civil Procedure and upon the Declaration of David T. Maloof, Esq. dated October 19, 2007 and its exhibits, the accompanying Memorandum of Law, and upon all prior proceedings had herein, Plaintiff Sompo Japan Insurance Company of America (hereinafter "Sompo" or "Plaintiff"), through undersigned counsel, will move this Court before the Honorable Deborah A. Batts, United States District Judge, in the United States Courthouse, Room 2510, 500 Pearl Street, New York, New York 10013, for Default Judgment for failure to appear and answer against the Defendant Nieroda Transport, Inc. (hereinafter "Nieroda" or "Defendant") in the amount of $47,500.00, plus costs of $350.00, plus prejudgment interest at 9% per annum from March 14, 2005 (date of delivery) to the date of entry of judgment (which totals $59,325.80 as of November 19, 2007), and for such other relief as the Court deems just and proper.

PLEASE TAKE FURTHER NOTICE THAT, pursuant to Local Rule 6.1, any opposing affidavits and/or memoranda must be served on Plaintiff's counsel no later than ten business days after service of this motion.

Dated: Rye, New York
      October 19, 2007

MALOOF BROWNE & EAGAN LLC

By: _____
    David T. Maloof (DM 3350)
    Thomas M. Eagan (TE 1713)
411 Theodore Fremd Ave., Suite 190
Rye, New York 10580
Tel: (914) 921-1200
Fax: (914) 921-1023
Email: dmaloof@maloofandbrowne.com
      teagan@maloofandbrowne.com

*Attorneys for Sompo Japan Insurance
Company of America and Sompo Japan
Insurance, Inc*

To: Nieroda Transport, Inc.

DAVID T. MALOOF (DM 3350)
THOMAS M. EAGAN (TE 1713)
MALOOF BROWNE & EAGAN LLC
411 Theodore Fremd Avenue, Suite 190
Rye, New York 10580-1411
(914) 921-1200
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | | |
|---|---|---|
| SOMPO JAPAN INSURANCE COMPANY OF AMERICA, | : | **ECF CASE** |
| | : | |
| *Plaintiff,* | | **07 Civ. 4053 (DAB)** |
| - against - | : | |
| | : | |
| NIERODA TRANSPORT, INC. | : | **DECLARATION IN SUPPORT** |
| | | **OF MOTION FOR DEFAULT** |
| *Defendant.* | : | **JUDGMENT** |
| | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

David T. Maloof affirms under penalties of perjury:

1.      I am admitted to practice before this Court, and I am a member of the firm of Maloof Browne & Eagan LLC, attorneys for plaintiff Sompo Japan Insurance Company of America (hereinafter "Sompo" or "Plaintiff"). I am familiar with the facts stated below and the facts and circumstances of this action upon information and belief.

2.      I make this affidavit pursuant to Local Rule 55.2 and Fed. R. Civ. P. 55(b) in support of Plaintiff's Motion for the Entry of Default Judgment against Defendant Nieroda Transport, Inc. (hereinafter "Nieroda" or "Defendant") for failing to appear or plead in this action.

3.    This matter concerns the interstate transportation of goods by road. Jurisdiction of the subject matter of this action is based upon 28 U.S.C. 1337(a), 28 U.S.C. §1331, 49 U.S.C. § 14706 and 28 U.S.C. §1367.

4.    This action is brought to recover the value of a damaged photocopy machine insured by Plaintiff and entrusted to Defendant for transportation from Sayerville, New Jersey to Wallingford, Connecticut. This action was commenced by filing the Summons (Exhibit 1) and the Complaint (Exhibit 2) on May 23, 2007.

5.    Copies of the Summons and Complaint were personally served on Jenny Reed, the General Manager of Defendant Nieroda, on May 30, 2007, at its place of business in Windsor, Connecticut, according to an original Affidavit of Service duly filed with the Court on August 15, 2007 (Exhibit 3), as noted in the Clerk's Civil Docket (Exhibit 4).

6.    Defendant Nieroda has failed to answer the Complaint or otherwise plead or appear in this action, and the prescribed time to do so has expired—June 19, 2007. Fed. R. Civ. P. Rule 55.

7.    The Clerk has duly noted the Default of Defendant Nieroda in a Clerk's Certificate, issued on August 20, 2007 (Exhibit 5).

8.    The damage to the photocopy machine was duly described in a survey report (Exhibit 6). The identification and value of the damaged photocopy machine claimed in this case was calculated based upon invoice value. The damaged photocopy machine had a total invoice value of $50,000.00 (Exhibit 7). The Plaintiff paid its assured $47,500.00 under the contract of insurance. (Exhibit 8—Subrogation Receipt). The taxable costs have been necessarily incurred (filing fee of $350.00 per Exhibit 9). In

2

consequence of these facts, Plaintiff has been damaged in the amount of at least $47,500.00 from on or about March 14, 2005 (date of delivery), plus prejudgment interest and costs, no part of which has been paid, as set forth in the accompanying Statement of Damages (Exhibit 10).

WHEREFORE, Plaintiff requests the entry of Default Judgment against Defendant Nieroda.

Dated: Rye, New York
      October 19, 2007

David T. Maloof

AO 440 (Rev. 10/93) Summons in a Civil Action - SDNY WEB 4/99

# United States District Court

_____ SOUTHERN _____    DISTRICT OF    _____ NEW YORK _____

SOMPO JAPAN INSURANCE COMPANY OF
AMERICA

### SUMMONS IN A CIVIL CASE

V.

CASE NUMBER:

NIERODA TRANSPORT

## 07 CIV. 4053

TO: (Name and address of defendant)

Nieroda Transport, Inc.
428 Hayden Station Rd.
Windsor, CT 06095

## BATTS

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Maloof Browne & Eagan
411 Theodore Fremd Avenue
Rye, New York 10580

an answer to the complaint which is herewith served upon you, within _____ 20 _____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

CLERK  *J. Michael McMahon*

CLERK

(BY) DEPUTY CLERK

MAY 2 3 2007

DATE

EXHIBIT 1

AO 440  (Rev. 10/93)  Summons In a Civil Action -SDNY  WEB 4/99

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and Complaint was made by me[1] | |
| NAME OF SERVER *(PRINT)* | TITLE |

*Check one box below to indicate appropriate method of service*

☐  Served personally upon the defendant.  Place where served: _____

☐  Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and
discretion then residing therein.
Name of person with whom the summons and complaint were left: _____

☐  Returned unexecuted: _____
_____
_____

☐  Other *(specify):* _____
_____
_____

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing
information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____        _____
　　　　　　　　　　Date　　　　　　　　　　　　　　Signature of Server


_____
Address of Server

(1)　　As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

DAVID T. MALOOF (DM 3350)
THOMAS M. EAGAN (TE 1713)
MALOOF BROWNE & EAGAN LLC
411 Theodore Fremd Avenue - Suite 190
Rye, New York 10580
(914) 921-1200
*Attorneys for Plaintiff*



FILED
MAY 23 2007
USDC WP SDNY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**07 CIV. 4053**

- - - - - - - - - - - - - - - - - - - - - - - - - - - x

SOMPO JAPAN INSURANCE COMPANY OF
AMERICA,                                         :

                                                 :          07 Civ.     **BATTS**

                    *Plaintiff,*                 :

         - against -                             :

NIERODA TRANSPORT, INC.                          :          **COMPLAINT**
                    *Defendant.*                 :

- - - - - - - - - - - - - - - - - - - - - - - - - - - x

       Plaintiff, Sompo Japan Insurance Company of America (hereinafter "Sompo" or

"Plaintiff"), by its attorneys, Maloof Browne & Eagan LLC, for its Complaint, alleges on

information and belief as follows:

          1.      All and singular the following premises are true and constitute claims

arising under an Act of Congress regulating commerce within the meaning of 28 U.S.C. §1337(a)

and pursuant to the Carmack Amendment codified at 49 U.S.C § 14706, and/or otherwise arise

under federal law within the meaning of 28 U.S.C. § 1331, and/or are supplemental claims to

certain of the foregoing claims within the meaning of 28 U.S.C. § 1367.

          2.      At all times material hereto, Plaintiff was and is a corporation incorporated

in and organized and existing under and by virtue of the laws of the State of New York, with its

principal office and place of business located in New York, New York, and was the insurer of the



EXHIBIT 2

shipment which is the subject matter of this action.

3.   Defendant Nieroda Transport, Inc.(hereinafter "Nieroda") is a corporation or other business entity incorporated in and organized and existing under and by virtue of the laws of the State of Connecticut with it principal office and place of business located in Windsor, Connecticut, and was and now is engaged in business as a common carrier of merchandise by Motor Vehicle.

4.   Defendant Nieroda Transport does business in and thus can be found in and resides in this District within the meaning of 28 U.S.C. § 1391 (b)(1) and (c). In addition, within the meaning of the Carmack Amendment, 49 U.S.C. § 14706(d), venue is also proper in this District because Defendant Nieroda is the delivering carrier and does business and operates trucks and routes throughout the United States, including the State of New York and the area comprising the Southern District of New York. In addition, a substantial part of the events giving rise to these claims occurred in this District.

5.   On or about March 13, 2005, there was shipped by Canon U.S.A. Inc. a shipment which consisted of one Canon copier, model CLC4000 bearing serial number JFZ01831, then being in good order and condition (the "Shipment"). Defendant Nieroda arranged, received and accepted the Shipment at Sayerville, New Jersey. In consideration of certain agreed freight charges thereupon paid or agreed to be paid, Defendant Nieroda further agreed to transport and carry the said Shipment to Wallingford, Connecticut and deliver same in like good order and condition. The carriage was described in a certain bill of lading issued by Defendant Nieroda and numbered 22356867-01 dated on or about March 13, 2006.

2

6.      Thereafter the Shipment was delivered but not in like good order and condition as when shipped, accepted, and received by Defendant Nieroda, but on the contrary the shipment was seriously damaged and impaired in value, all in violation of Defendant Nieroda's obligations as a carrier.

7.      Plaintiff insured the Shipment and paid certain damages incurred by its assured, due to the Shipment having been damaged. Plaintiff brings this action and Plaintiff is duly entitled to maintain this action.

8.      Plaintiff and its assured have performed all conditions on their parts to be performed.

9.      By reason of the foregoing, Plaintiff has sustained damages, as nearly as can now be estimated, no part of which has been paid although duly demanded, in a sum estimated to be up to or exceeding U.S. $47,500.00.

### FIRST CAUSE OF ACTION

### BREACH OF CONTRACT AND/OR DUTIES
### UNDER THE CARMACK AMENDMENT

10.      Plaintiff incorporates herein by reference the allegations of paragraphs 1- 9 above.

11.      By reason of the foregoing, the Defendant Nieroda was a carrier of merchandise within the meaning the Carmack Amendment, 49 U.S.C § 14706, and breached its duties as a carrier under that law and under the contract of carriage.

12.      By reason of the foregoing, the Defendant Nieroda has caused damage to Plaintiff in an amount, as nearly as can now be estimated, up to or exceeding US $47,500.00.

3

## SECOND CAUSE OF ACTION

## <u>BREACH OF BAILMENT OBLIGATIONS</u>

13.    Plaintiff incorporates herein by reference the allegations of paragraphs 1-12 above.

14.    The Defendant Nieroda was acting as a bailee of the Shipment at the time it was damaged. The Defendant Nieroda thereby, or through its contractors, agents, servants or sub-bailees, warranted and had a legal duty to safely keep, care for and deliver the said Shipment in the same condition as when entrusted to it and to perform its services as bailee or to ensure that those services were performed with reasonable care and in a non-negligent and workmanlike manner. Defendant breached those bailment obligations and negligently failed to deliver to Plaintiff, or its designees, the Shipment.

15.    By reason of the foregoing, the Defendant has Nieroda caused damage to Plaintiff in an amount, as nearly as can now be estimated, up to or exceeding US $47,500.00.

## THIRD CAUSE OF ACTION

## <u>NEGLIGENCE</u>

16.    Plaintiff incorporates herein by reference the allegations of paragraphs 1-15 above.

17.    The Defendant Nieroda, by its negligence, damaged the Shipment.  The Defendant Nieroda therefore negligently failed to deliver the Shipment to Plaintiff's assured, or its designee, in as good condition as when entrusted to it.

18.    By reason of the foregoing, the Defendant Nieroda has caused damage to Plaintiff in an amount, as nearly as can now be estimated, up to or exceeding US $47,500.00.

4

WHEREOF, Plaintiff prays:

1.       That process in due form of law may issue against the Defendant citing it to appear and answer all and singular the matters aforesaid;

2.       That judgment may be entered in favor of Plaintiff against Defendant on each of the Causes of Action for the amount of Plaintiff's damages, together with interest and costs and the disbursements of this action;

3.       That this Court will grant to Plaintiff such other and further relief as may be just and proper.

Dated:  New York, New York
        May 23, 2007

                                        MALOOF BROWNE & EAGAN LLC

                                        By:

                                             David T. Maloof (DM 3350)
                                             Thomas M. Eagan (TE 1713)
                                        411 Theodore Fremd Avenue - Suite 190
                                        Rye, New York  10580
                                        (914) 921-1200
                                        *Attorneys for Plaintiff Sompo Japan*
                                        *Insurance Company of America*

5

| | |
|---|---|
| SOMPO JAPAN INSURANCE COMPANY OF AMERICA<br><br>Plaintiff(s), Petitioner(s)<br><br>*against*<br><br>NIERIDA TRANSPORT INC.<br>Defendant(s), Respondent(s) | CLIENT: Legal Ease, Inc<br>INDEX NO.: 07 Civ 4053<br>DATE OF FILING: 5/23/2007     2503.80<br><br><br>**AFFIDAVIT OF SERVICE** |

STATE OF CONNECTICUT: COUNTY OF HARTFORD

I, Michael Walton being duly sworn according to law upon my oath, depose and say, that deponent is not a party to this action, is over 18 years of age and resides in Manchester, CT.

Furthermore, that on **May 30, 2007 at 12:10 PM at 428 Hayden Station Road, Windsor, CT**, deponent served the **Summons In A Civil Action and Complaint** upon **Nierida Transport Inc.**, (Defendant/Respondent) herein known as Recipient.

Said service was effected in the following manner:

By delivering to and leaving a true copy of each **Summons In A Civil Action and Complaint** with **Jenny Reed** a person who is known to be the **General Manager** of said corporation and/or company, and who is authorized by said corporation and/or company to receive said **Summons In A Civil Action and Complaint**.

Deponent describes the individual served to the best of deponent's ability at the time and circumstances of service as follows:
Sex: **Male** Skin: **White** Hair: **Bald** _Age(Approx): **36-50** Height(Approx): **5'9" - 6'** Weight(Approx): **161-200 lbs**

I certify that the foregoing statements made by me are true, correct and my free act and deed. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

_____
Michael Walton, Private Process Server

Sworn to before me on May 30, 2007,

_Kathrn Chaves_

Notary Public      7-31-2008
My Commission Expires: ~~09/31/2009~~

EXHIBIT 3

ECF

## U.S. District Court
## United States District Court for the Southern District of New York (Foley Square)
## CIVIL DOCKET FOR CASE #: 1:07-cv-04053-DAB

Sompo Japan Insurance Company of America v. Nieroda Transport, Inc.
Assigned to: Judge Deborah A. Batts
Demand: $48,000
Cause: 28:1337 Sherman-Clayton Act

Date Filed: 05/23/2007
Jury Demand: None
Nature of Suit: 190 Contract: Other
Jurisdiction: Federal Question

**Plaintiff**

**Sompo Japan Insurance Company of America**

represented by **David Thomas Maloof**
Maloof Browne & Eagan LLC
411 Theodore Fremd Avenue, Suite 190

Rye, NY 10580
(914) 921-1200
Fax: (914) 921-1023
Email:
dmaloof@maloofandbrowne.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Thomas Mark Eagan**
Maloof Browne & Eagan LLC
411 Theodore Fremd Avenue, Suite 190

Rye, NY 10580
(914) 921-1200
Fax: (914) 921-1023
Email: teagan@maloofandbrowne.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Nieroda Transport, Inc.**



| Date Filed | # | Docket Text |
|---|---|---|
| 05/23/2007 | 1 | COMPLAINT against Nieroda Transport, Inc. (Filing Fee $ 350.00, Receipt Number 615304)Document filed by Sompo Japan Insurance Company of America.(laq) Additional attachment(s) added on 5/25/2007 (Becerra, Maribel). (Entered: 05/25/2007) |

| 05/23/2007 | | SUMMONS ISSUED as to Nieroda Transport, Inc.. (laq) (Entered: 05/25/2007) |
|---|---|---|
| 05/23/2007 | 2 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. Identifying Sompo Insurance Inc. as Corporate Parent. Document filed by Sompo Japan Insurance Company of America.(laq) Additional attachment(s) added on 5/25/2007 (Becerra, Maribel). (Entered: 05/25/2007) |
| 05/23/2007 | | Magistrate Judge Gabriel W. Gorenstein is so designated. (laq) (Entered: 05/25/2007) |
| 05/23/2007 | | Case Designated ECF. (laq) (Entered: 05/25/2007) |
| 08/15/2007 | 3 | AFFIDAVIT OF SERVICE of Summons and Complaint. Nieroda Transport, Inc. served on 5/30/2007, answer due 6/19/2007. Service was accepted by Jenny Reed, General Manager. Document filed by Sompo Japan Insurance Company of America. (Maloof, David) (Entered: 08/15/2007) |
| 08/15/2007 | 4 | REQUEST TO ENTER DEFAULT against Nieroda Transport, Inc.. Document filed by Sompo Japan Insurance Company of America. (Attachments: # 1 Text of Proposed Order Clerk's Certificate of Default# 2 Affidavit of David T. Maloof# 3 Exhibit A: Summons# 4 Exhibit B: Complaint# 5 Exhibit C: Affidavit of Service# 6 Exhibit D: Civil Docket Sheet)(Maloof, David) (Entered: 08/15/2007) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 10/19/2007 14:53:48 | | |
| PACER Login: | mb0224 | Client Code: | 2503.80 |
| Description: | Docket Report | Search Criteria: | 1:07-cv-04053-DAB |
| Billable Pages: | 1 | Cost: | 0.08 |

DAVID T. MALOOF (DM 3350)
THOMAS M. EAGAN (TE 1713)
MALOOF BROWNE & EAGAN LLC
411 Theodore Fremd Avenue, Suite 190
Rye, New York 10580-1411
(914) 921-1200
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | | |
|---|---|---|
| SOMPO JAPAN INSURANCE COMPANY OF AMERICA, | : | **ECF CASE** |
| | : | |
| *Plaintiff,* | : | **06 Civ. 4053 (DAB)** |
| - against - | : | |
| NIERODA TRANSPORT, INC. | : | **CLERK'S CERTIFICATE** |
| *Defendant.* | : | |
| | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

I, J. MICHAEL MCMAHON, Clerk of the United States District Court for the Southern District of New York, do hereby certify:

1.    This action commenced on May 23, 2007 with the filing of a summons and complaint.  A copy of the summons and complaint was served on defendant Nieroda Transport Inc., ("Nieroda") at its place of business located at 428 Hayden Station Road, Windsor, Connecticut on May 30, 2007 by personal service on an authorized representative.

2.    Proof of such service thereof was filed on August 15, 2007.

3.    On August 15, 2007, Plaintiff filed a Request to Enter Default against Defendant Nieroda.



4.    I further certify that the docket entries indicate that the Defendant Nieroda has not filed an answer or otherwise moved with respect to the complaint herein.  The default of the Defendant Nieroda is hereby noted.

Dated: New York, New York

Aug 20, 2007

**J. MICHAEL MCMAHON**
Clerk of the Court

By: _____
        Deputy Clerk

\\server1\Company\WP-DOCS\2503.80\081507 Clerk's Certificate.doc

2

# GLOBAL MARINE SURVEYS INC.

### Hull and Cargo Surveyors

455 Simons Avenue
Hackensack, NJ 07601
survey@gmsurveys.net

*NJ Tel: 201 487 8494*
*Fax: 201 487 6872*
*NY Tel: 845 371 0626*
*Fax: 845 371 6260*

---

**OUR REF. #1914/06**

EXAMINED FOR:      THE ACCOUNT OF WHOM IT MAY CONCERN
AT THE REQUEST OF:      Sompo Japan Claim Services (America) Inc
     Ref: # 0034114
ASSURED:      Canon USA Inc
CONVEYANCE:      "Truck", Nieroda Transport
ARRIVED:      March 14, 2006

### SHIPMENT

1 Pkg. Canon CLC 4000 Copy Machine

We certify that we attended at Canon USA Inc., Jamesburg, NJ on October 3, 2006 in order to examine one copier that was reported to have been shipped to dealers, found to be damaged there and returned.

Based upon the documentation supplied, we have been able to gather that the subject shipment was picked up from the Nippon Express warehouse in Sayreville, NJ, by Nieroda Transport on March 13, 2006, for delivery to Danka Office Imaging Co., Wallingford, CT. The shipment was delivered the following day and accepted without exception.

At some date subsequent to delivery, damage to the unit was established and the copier was returned to the Canon USA warehouse in Jamesburg, NJ, where it was subjected to an examination on April 4, 2006. At this time some carton damage was reportedly found and this was noted to coincide with physical damage to the copier. It was determined that there was frame damage to the machine and that it was not repairable.

At the time of our attendance, one Canon copier, model CLC4000, bearing serial # JFZ01831, was observed to be placed on a ¾" plywood sheet, mounted atop a custom fabricated wood skid base. Formed polystyrene foam base padding pieces were provided at the four corners of the base and the machine was placed on these, chocked in place with wooden chocks and covered with a heavy clear polyethylene sheet. A 2 ply corrugated cardboard carton was used to cover the entire machine.

Our survey has revealed that the original carton was torn over a 6" height at a one corner, just below the top lid. The adjacent face of the carton coinciding with the rear panel of the machine, was noted with a dent/impression about 12" wide, 24" high. The wooden skid base for this machine was in visibly sound condition.

EXHIBIT 6

M B & E



When the carton was removed, another indentation/impression was observed on the inside of the same face of the carton, coinciding with the right side of the rear panel.

The machine was partially unwrapped for examination and found to display visible damage as follows:

- The top section of the rear panel of the unit was pushed in and bent at the top edge, specially at the two ends.
- Joint between left side panel and rear panel uneven over entire height
- Right side panels not fitting evenly
- Left side panel lightly dented near front edge; panel sections display uneven spacing
- Scuff marks on rear edge of left panel, in line with torn edge of carton

The field technician's report indicates that the frame of this machine was deformed and the machine was not repairable

Based upon this report and the conditions sighted, we are of the opinion that the machine was definitely subjected to strong impact to its rear panel, which would account for the deformations noted there. The areas of this damage coincide with the indentations/impressions noted on the carton and it is concluded that the machine was possibly tipped over onto its rear panel at some stage.

The nature and severity of the damage is considered to be enough to render the smooth operation of the machine impossible and any attempt at repair would be too labor intensive to be economically viable. We are advised that the machine will be treated as a total loss.

We are attaching hereto, several photographs depicting conditions noted during our survey.

At our instance, the claimants have placed carriers on notice and a copy of the notification is attached hereto.

All our actions were without prejudice and are subject to the terms and conditions of the Policy of Insurance.

GLOBAL MARINE SURVEYS INC.

Alok Srivastava

Issued: October 6, 2006

```
04/25/06 11:30         *** SHIPPED ORDER HEADER INQUIRY ***      (UWSM841)
          CUST(SOLD): C121AA          CUST(SHIP): G283CJ
NAME(1)  : CANON USA (LKS)           DANKA OFFICE IMAGING CO
NAME(2)  : NEW YORK OFFICE
ATTENTION:                           CANON SPECIAL ACCTS
STREET   : ONE CANON PLAZA           35D N PLAINS INDUST.RD
CITY     : LAKE SUCCESS              WALLINGFORD
STATE.ZIP: NY          11042    NY   CONNECTICUT     06492    CT

ORDER#   : NT005561   B/L#   : 22356867    P/O# : 1111979
O/OUR    : 03/09/06   RECEPT# : S1442187   W/H  : 22          SALE BR: N
O/CUST   : 03/09/06   BPO#    :            PROD.: Y           O/TYPE :
APPROVED : 03/09/06   DEPT.   : NY500      SLSMN:             TERM CD: NF
S/O.PRINT: 03/09/06   THRU DELR:           CARR : WILL CALL   NIERODA
S/O.SHIP : 03/13/06   SHIP VIA : 3 PICK UP  TAX  :   0.000 %  TRAN CD: 37
INVOICED : 03/13/06   FREIGHT  : 1 PREPAID  DISC.:   0.000 %  LABEL  : 1
CHRG/EXPS:            DISC.CD  :                              SCAC : PKUP
FOR C-MGR:                                 TOTAL:  50,000.00  ENTRY: UD  L
MESSAGE  : SIR SPEEDY,DBA  WINDS,29 S COMMONS,
           WATERBURY,CT,06704,STORE MGR,203 573 9981
           *****P/U BY NIERODA  A S A P*****


04/25/06 11:32         *** SHIPPED ORDER ITEM SELECTION ***      (UWSM842)
ORDER#: NT005561     SHIP'D: 03/13/06  RECPT#: S1442187 FRGHT:     0.00
B/L# : 22356867      SOLD: C121AA   SHIP : G283CJ    TAX :        0.00
PROD : Y             W/H  : 22 DEPT/S: NY500          DS/CH:       0.00
                                                     TOTAL:   50,000.00
S ITEM_____TS __ORDER __SHIP/O __BACK/O  S/N ____PRICE _____AMOUNT
  8755A002AA    CLC4000 208V UL                YES
               11      1      1        0    50,000.00    50,000.00
```



```
PF1:RETURN  PF2:BACK  PF3:FORWARD  PF4:ISPA ITEM. <TYPE S TO VIEW S/N>   *BOT*
PLEASE SELECT ITEM TO VIEW SERIAL#
```

M B & E

<u>LETTER OF SUBROGATION</u>

| | |
|---|---|
| TO: | Sompo Japan Insurance Company of America |
| SJCSA REF. NO: | 0034114 |
| CANON REF. NO: | PCM19119 |
| INSURED: | CANON USA INC. |
| POLICY NO.: | |
| OPEN POLICY NO.: | OMC10006X0 |
| B/L NO.: | 22356867 |
| GOODS: | 1 COPIER |
| VESSEL: | TRUCK |
| VOYAGE: | FROM: SAYREVILLE, NJ |
| | TO    : WALLINGFORD, CT |
| TYPE OF LOSS: | BREAKAGE |
| CLAIM AMOUNT: | US$ 47,500.00 |

Dear Sirs:

In consideration of your paying us the above sum in settlement of the above claim, we hereby agree that you are subrogated to all our rights of recovery on account of any and all such loss of or damage to the subject matter insured by the above mentioned policy, and to execute all documents which may be necessary for authorizing you to make use of our name. And we undertake to render you every assistance in any action or actions you may be advised to take against the owners of the above-mentioned vessel or any other persons in respect of this loss. If called upon we will undertake such action or actions on your behalf, you holding us harmless against all costs, expenses and charges of said action or actions.

We also undertake to hand you any salvage that may be recovered as a result of said loss.

Yours faithfully,

*Debbie Spence*
(Name)

*Debbie Spence*
(Signature)

*Canon U.S.A., Inc.*
(Company)

*Logistics Associate*
(Title)

*11/30/06*
(Date)

EXHIBIT 8

RECEIVED
DEC 06 2006
SJCSA – NY

M B & E

ORIGINAL-WHITE          DUPLICATE-YELLOW          TRIPLICATE-PINK

**RECEIPT FOR PAYMENT**
**UNITED STATES DISTRICT COURT**
for the
SOUTHERN DISTRICT OF NEW YORK

E 615304

RECEIVED FROM    *Maloof, Browne & Eagan*   LLP

*New Case*

*07cv4053*

| Fund | | | |
|---|---|---|---|
| 6855XX | Deposit Funds | | |
| 604700 | Registry Funds | 1 COMPLAINT $350 | $350.00 |
| | General and Special Funds | 086700   $60. | |
| 508800 | Immigration Fees | 510000  $190.00 | |
| 085000 | Attorney Admission Fees | 086900 $100.00 | |
| 086900 | Filing Fees | | |
| 322340 | Sale of Publications | GRAND TOTAL | $350.00 |
| 322350 | Copy Fees | | |
| 322360 | Miscellaneous Fees | | |
| 143500 | Interest | | |
| 322380 | Recoveries of Court Costs | | |
| 322386 | Restitution to U.S. Government | | |
| 121000 | Conscience Fund | | |
| 129900 | Gifts | | |
| 504100 | Crime Victims Fund | | |
| 613300 | Unclaimed Monies | | |
| 510000 | Civil Filing Fee (½) | | |
| 510100 | Registry Fee | | |

Checks and drafts are accepted subject to col-
lection and full credit will only be given when the
check or draft has been accepted by the financial
institution on which it was drawn.

DEPUTY CLERK:

| DATE: 5/23/05 | Cash | Check ✓ | M.O. | Credit |
|---|---|---|---|---|

EXHIBIT 9

DAVID T. MALOOF (DM 3350)
MALOOF BROWNE & EAGAN LLC
411 Theodore Fremd Avenue, Suite 190
Rye, New York 10580-1411
(914) 921-1200
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | | |
|---|---|---|
| SOMPO JAPAN INSURANCE COMPANY OF AMERICA, | : | **ECF CASE** |
| | : | |
| *Plaintiff,* | : | **07 Civ. 4053 (DAB)** |
| - against - | : | |
| NIERODA TRANSPORT, INC. | : | **STATEMENT OF DAMAGES** |
| *Defendant.* | : | |
| | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Principal amount sued for ……………………………………………...…..$47,500.00

Interest at 9% from March 14, 2005 through November 19, 2007………….……...…..$11,475.80
(plus $11.71 per day thereafter until entry of judgment)

Costs and Disbursements:

    Clerk's Fee…………………………………………………….…….…....$350.00

Total (as of November 19, 2007)...…………………………………….……………….$59,325.80

\\SERVER1\Company\WP-DOCS\1306.11\072506 Statement of Damages.doc



DAVID T. MALOOF (DM 3350)
THOMAS M. EAGAN (TE 1713)
MALOOF BROWNE & EAGAN LLC
411 Theodore Fremd Avenue, Suite 190
Rye, New York 10580-1411
(914) 921-1200
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

SOMPO JAPAN INSURANCE COMPANY OF   :   **ECF CASE**
AMERICA,
                                   :
                    *Plaintiff,*       **07 Civ. 4053 (DAB)**
          - against -              :

NIERODA TRANSPORT, INC.            :   **DEFAULT JUDGMENT**
                                       **AGAINST NIERODA**
                    *Defendant.*   :   **TRANSPORT, INC.**

                                   :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

This action having been commenced on May 23, 2007 by the filing of the

Summons and Complaint, and a copy of the Summons and Complaint having been personally

served on the Defendant, Nieroda Transport, Inc., on May 30, 2007 by personal service at its

place of business located at 428 Hayden Station Road, Windsor, Connecticut, and a proof of

service having been filed on August 15, 2007, and said Defendant not having answered the

Complaint, and the time for answering the Complaint having expired, and the Clerk having

issued a Certificate noting said default of Defendant Nieroda Transport, Inc., and the Court

having heard and considered evidence with respect to the amount of damages, and being fully

advised, it is:

ORDERED, ADJUDGED AND DECREED:   That the Plaintiff Sompo Japan

Insurance Company of America have judgment against Defendant Nieroda Transport, Inc. in the

liquidated amount of $47,500.00 with interest at 9% from March 14, 2005 through November 19, 2007, amounting to $11,475.80 plus costs and disbursements of this action in the amount of $350.00, amounting in all to $59,325.80.


Dated: New York, New York
      October ___, 2006

_____
                      U.S.D.J